THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State Respondent,
 v.
 Damon Jacquise
 Jones, Appellant.
 
 
 

Appeal From Spartanburg County
Paul M. Burch, Circuit Court Judge
Unpublished Opinion No. 2008-UP-424
Submitted June 2, 2008  Filed July 23,
 2008
AFFIRMED

 
 
 
 Deputy Chief Attorney for Capital Appeals Robert M. Dudek, South Carolina Commission on Indigent Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka,
 Senior Assisant Attorney General William Edgar Salter, III, all of Columbia;
 and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER
 CURIAM:  Damon Jacquise Jones (Jones)
 appeals his conviction for murder, contending the trial court erred by not
 admitting his videotaped interrogation into evidence.  We affirm.
FACTS
In late 2005, Jones
 stood trial for the murder of Sigida Long (Sigida).  Jones testified to the
 events surrounding this incident.  According to his testimony, on February 25,
 2005, Jones, Ben Foster (Foster), and Gregg Hardy (Hardy) were at Hardys
 sisters house drinking beer.  Subsequently, Jones drove Hardy and Foster to Jones
 grandmothers house to drop off Foster.  Upon arrival, Hardy helped Foster, who
 was intoxicated, to the door.  While Jones remained in the car, the victim,
 Sigida, and his brother, Atiba Long (Atiba), drove into their driveway next
 door.[1] Sigida and Atiba then exited their vehicle and knocked on the door of Jones
 grandmothers house in an attempt to get Foster to come outside.  Unable to get
 Foster outside, Sigida walked over to Jones vehicle and pulled Jones out of
 the car.    
Sigida hit Jones in
 the head a few times, causing Jones to fall back into his vehicle.  Jones then
 grabbed a gun out of the glove compartment, exited the vehicle, cocked the
 weapon and told Sigida and Atiba to back up.  Sigida rushed Jones, and a
 struggle ensued.  During the struggle, the gun discharged, striking and fatally
 wounding Sigida.  Jones then ran into his grandmothers house and instructed
 his aunt to call the police.  
Following the shooting, Sergeant Christopher Taylor,
 of the Spartanburg Public Safety Department, questioned Jones about the
 incident, and this interrogation was videotaped.  After Jones testified about
 the events of the incident and his distraught and overwhelmed emotional state
 following the shooting, Jones counsel attempted to admit the videotaped
 interrogation into evidence.  The State objected to the videotapes admission,
 characterizing the evidence as self-serving hearsay.  Additionally, the State
 argued because it did not introduce any statements from the videotape, Jones
 could not introduce it to bolster his testimony.  The trial court sustained the
 States objection, finding Jones statements on the tape exactly or quite
 similar to his testimony.    
Defense counsel
 later called Hardy to testify.  Hardy gave his recollection of events and also
 described Jones as being in shock and hysterical following the shooting.  
The
 jury found Jones guilty of murder, and he was sentenced to life imprisonment. 
 This appeal follows.
STANDARD OF REVIEW
In criminal cases,
 the appellate court sits to review errors of law only.  State v. Baccus,
 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  The admission of evidence is
 within the discretion of the trial court and will not be reversed absent an
 abuse of discretion.  State v. Pagan, 369 S.C. 201, 208, 631 S.E.2d
 262, 265 (2006).  An abuse of discretion occurs when the trial courts
 conclusions either lack evidentiary support or are controlled by an error of
 law.  Id.
LAW/ANALYSIS
Jones
 contends the trial court erred by excluding his videotaped interrogation from
 evidence.  In the alternative, Jones argues the portion of the videotape prior
 to his interrogation is not hearsay and was, therefore, improperly excluded. 
 We disagree.
The
 improper exclusion of evidence is harmless when it is cumulative to other
 testimony in the record.  State v. Sapp, 366 S.C. 283, 294, 621 S.E.2d
 883, 888 (2005).  Thus, even if the exclusion of cumulative evidence is
 erroneous, it will not warrant a reversal by this Court.  State v. Pipkin,
 359 S.C. 322, 328, 597 S.E.2d 831, 834 (Ct. App. 2004).
At
 trial, Jones argued the shooting took place while he was acting in self-defense. 
 Jones testified as to the events surrounding the incident as well as his mental
 state following the shooting.  Additionally, Hardy gave his recollection of the
 incident and testified Jones was in shock and hysterical following the
 shooting.  
Due
 to this testimony, the videotape would have been merely cumulative to evidence
 in the record.  The statements on the videotape were found to be exactly or
 quite similar to Jones testimony, and the jury was told multiple times about
 Jones mental state following the shooting.  Jones counsel sought to admit the
 videotape into evidence to corroborate Jones testimony rather than to present
 any new evidence to the jury.[2] 
 Because of its cumulative nature, even if the evidence was improperly excluded,
 the error was merely harmless.  See Sapp, 366 S.C. at 294, 621
 S.E.2d at 888 (finding the exclusion of evidence is harmless if it is
 cumulative to other testimony in the record).  
We
 find no reversible error in the exclusion of the videotape and, therefore, do
 not address whether each portion of the videotape was inadmissible hearsay.  See Hughes v. State, 367 S.C. 389, 408-09, 626 S.E.2d 805, 815 (2006)
 (finding appellate courts need not address remaining issues when determination
 of prior issue is dispositive).          
CONCLUSION
Accordingly,
 the decision of the trial court is
AFFIRMED.[3] 
WILLIAMS,
 THOMAS, and PIEPER, JJ., concur.  

[1] The Longs lived
 beside Jones grandmother.  
[2] We additionally
 note the State never made an issue of Jones statements on the videotape or his
 mental state following the shooting.  
[3] We decide this
 case without oral argument pursuant to Rule 215, SCACR.